IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD ANTHONY ANTONIELLO                                           PETITIONER
ADC # 165855

V.                       CASE NO. 5:19-CV-00003-KGB-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 1) be DISMISSED with prejudice and Petitioner's Motion to Stay Habeas Proceedings (DE # 12) be denied as moot.

## Procedural History

Petitioner was found guilty by a Miller County Circuit Court jury of thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. He was sentenced to a total of 3600 months in the Arkansas Department of

Correction. (DE # 16-2 pp. 94-96) The Petitioner filed a direct appeal of the convictions arguing that the trial court erred by: (1) admitting evidence of other child pornography for which he was not charged; (2) admitting testimony from Petitioner's former stepdaughter about past molestation by Petitioner; and (3) denying his challenge to the State striking two African-American jurors under *Batson v. Kentucky*, 476 U.S. 79 (1986). *Antoniello v. State*, 2018 Ark. App. 105. The Arkansas Court of Appeals affirmed the convictions on February 7, 2018. *Id.* Petitioner did not seek post-conviction relief under Arkansas Rule of Civil Procedure 37.1, and he has not filed any other post-appeal petitions in state court.

On January 4, 2019, Petitioner timely filed a petition for writ of habeas corpus (DE # 1), pursuant to 28 U.S.C. § 2254, asserting the following claims for relief:

1. The State exercised two peremptory strikes against African American jurors in violation of *Batson*, and his trial counsel was ineffective for not preserving the issue for direct appeal;

2. The jury included no African-American jurors and thus was not a fair cross-section of the community, and his trial counsel was ineffective for not timely objecting when the State struck the two African American jurors;

3. His convictions and sentences violate the double jeopardy clauses of the United States and Arkansas constitutions, and his trial counsel was ineffective for not objecting to at trial and not raising the issue on appeal;

4. Arkansas Code Annotated § 5-27-602 is unconstitutionally vague and overbroad because it allows multiple charges for each photograph from a "single siege," and trial counsel was ineffective for not raising the issue at trial and on appeal;

5. His sentence violates the Eighth and Fourteenth Amendments, and his counsel was ineffective for not raising this issue at trial and on appeal;

6. Counsel was ineffective for not advising Petitioner of his Rule 37.1 remedy, and this excuses the procedural default of his claims raised in the habeas petition.

Respondent filed her Response on April 23, 2019, and argues that the petition should be dismissed because Petitioner's grounds for relief are procedurally defaulted. (DE # 16)

On April 5, 2019, Petitioner filed a Motion to Stay Habeas Proceedings (DE # 12) to allow him to proceed back to state court to file a Rule 37.1 petition. Petitioner alleges that there has been a new development in Arkansas law that allows him file a "*Reams*" claim under *Reams v. State*, 2018 Ark. 441, and obtain a ruling on issues that have not yet been raised in circuit court. *Id.* On April 11, 2019, the Respondent filed a response opposing the stay and argues that *Reams* does not authorize the filing of an untimely Rule 37 petition. (DE # 13)

## Discussion

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask

not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

None of the claims that Petitioner now raises in his § 2254 petition were exhausted in state court, except for the *Batson* claim, which was presented to the Arkansas Court of Appeals on direct appeal. That court held that "Antoniello did not raise his *Batson* challenge until the day of trial, over a week after the jury had been sworn. Because his *Batson* challenge was untimely, he failed to preserve it for review by this court." *Antoniello*, 2018 Ark. App. 105, at 6. Failure to present claims to the state court in a "timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims" results in a default of those claims, and "federal habeas review of the claims is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992) (quoting *Coleman*, 501 U.S. at 750). Accordingly, Petitioner's claims are all procedurally defaulted unless an exception applies.

Petitioner argues that his appellate counsel's failure to advise him of his Rule 37.1 remedy excuses the procedural default of his claims because he "did not waive his post-conviction procedures." (DE # 2 p.14) Petitioner, however, does not set forth any legal authority to support his argument. There is no obligation in Arkansas that an attorney must inform a client about their right to file a Rule 37.1 petition; in fact, the United States Supreme Court has held that "it is the petitioner who must bear the burden of a failure to follow state procedural rules." *Coleman* at 754. Therefore, the procedural default of Petitioner's claims is not excused by his counsel's alleged failure to inform him about Rule 37.1.

Lastly, though the Petitioner acknowledges that he never filed a Rule 37 petition, he argues in his Motion to Stay Habeas Proceedings that a new Arkansas Supreme Court ruling in *Reams v. State*, 2018 Ark. 324, provides him an avenue for now presenting his *Batson* and fair-cross-section claims in state court. Petitioner, however, has misinterpreted the holding in *Reams*. In *Reams*, the Arkansas Supreme Court held that a violation of the requirement that the jury be selected by a fair-cross-selection of the community is a structural error and therefore cognizable in postconviction proceedings. *Id.* at 21. Regarding the *Batson* claim, the court held "[b]ecause Reams's *Batson* claims were raised in his direct appeal and rejected by this court, Rule 37 does not provide an opportunity to reargue settled points." *Id.* at 14. Neither of these holdings provide the Petitioner with an avenue to file an untimely Rule 37 petition.

First, *Reams* addressed the issue in the context of a timely-filed Rule 37 petition. Arkansas Rule of Criminal Procedure 37.2(c) provides that, "[i]f an appeal was taken of

the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court." The mandate issued on February 27, 2018; therefore, the Petitioner had until April 28, 2018, to file a timely Rule 37 petition. *Reams* does not give the Petitioner the opportunity to file an untimely Rule 37 petition. Second, regarding the *Batson* claim, the *Reams* court expressly refused to address the argument as a structural error because it had already been addressed on direct appeal. The Arkansas Court of Appeals already rejected Petitioner's argument, and *Reams* does not give the Petitioner a second opportunity to have the claim reviewed. Petitioner has no non-futile state remedies available to him, and therefore, all of his claims are procedurally defaulted.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied. Furthermore, that Petitioner's Motion to Stay Habeas Proceedings (DE # 12) be denied as moot.

SO ORDERED this 30th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE